# United States Bankruptcy Court
## Northern District of Texas
## Fort Worth Division

| | |
|---|---|
| In re:<br>Amanda Mae Melton,<br><br>    Debtor.<br><br>Richard Kevin Brown,<br>    Plaintiff,<br><br> vs.<br><br>Amanda Mae Melton,<br>    Defendant. | Bankr. Case No. 25-43217-elm7<br><br>Chapter 7<br><br><br><br><br>Adversary No. 25-04149-elm |

## DEFENDANT'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1), (6), AND 12(e)

Defendant Amanda Mae Melton files this motion to dismiss the Complaint under Fed. R. Civ. P. 12(b)(1) and (6), or, in the alternative, an order demanding a more definite statement of the claims by Plaintiff.

1. This adversary proceeding should be dismissed at the pleading stage for threshold procedural and substantive reasons. The Complaint was filed *after* the Rule 4007(c) deadline, and the motion seeking to extend that deadline was also filed *after* it had expired, depriving the Court of authority to permit the late filing.

2. Even if the Court were to reach the merits, the Complaint independently fails to state a claim under either 11 U.S.C. § 523(a)(2)(A) or § 523(a)(6). The pleading relies on conclusory allegations, improper imputation theories, and post hoc characterizations of nonperformance that do not satisfy Fed R. Civ. P. 8, 9(b), or the substantive elements of nondischargeability. Dismissal with prejudice is therefore warranted.

        **I.**        **The Complaint is Barred by Rule 4007(c) and Must Be Dismissed**

3.        Rule 4007(c) imposes a strict deadline for filing complaints to determine dischargeability under § 523(c). That deadline expired on November 24, 2025. The Complaint initiating this adversary proceeding was filed on November 25, 2025, after the bar date. Critically, the creditor's motion seeking to extend the deadline was also filed after the deadline had already expired.

4.        This sequence of events is dispositive. Under Rule 4007(c), a court may extend the deadline only if a motion is filed before the deadline expires. Rule 9006(b)(3) expressly limits the Court's authority in this context, and the Fifth Circuit has long held that courts lack discretion to enlarge the Rule 4007(c) deadline after it has passed, regardless of equitable considerations. Excusable neglect under Rule 9006(b)(1) does not apply, and *nunc pro tunc* relief cannot be used to retroactively create jurisdiction where none exists.[1]

5.        Because both the Complaint and the motion to extend time were untimely, the Court lacks authority to adjudicate the § 523 claims asserted. The Complaint must therefore be dismissed as time-barred.

        **II.**        **The Complaint Fails to State a Claim Under § 523(a)(2)(A)**

6.        Even if the Court were to overlook the dispositive timeliness defect, the Complaint independently fails to plead a viable claim for nondischargeability based on fraud or false representation.

---

[1] *See Neeley v. Murchison*, 815 F.2d 345, 346-47 (5th Cir. 1987) (holding that Rule 4007(c) sets a fixed limitation period and that the bankruptcy court "can extend the time only if the creditor has filed a motion before the 60-day period expires," and that excusable neglect does not apply); *see also Yaquinto v. Ward (In re Ward)*, 978 F.3d 298, 304-06 (5th Cir. 2020) (reaffirming that Rules 4004 and 4007 are strictly construed and that a bankruptcy court may not use § 105 or equitable powers to contravene their explicit deadlines).

**A. The Complaint Does Not Plead Fraud with Particularity under Rule 9(b)**

7.  Claims under § 523(a)(2)(A) sound in fraud and must satisfy the heightened pleading standard of Rule 9(b), as incorporated by Bankruptcy Rule 7009.[2] The Complaint does not do so. It fails to identify with particularity any false representation made by this Debtor, when it was made, why it was false at the time, or how the Plaintiff relied on it. Instead, the pleading relies on generalized narratives, block quotations from communications, and conclusory assertions that administrative involvement equates to fraudulent conduct.

8.  The Complaint repeatedly attributes the alleged scheme to the Debtor's husband and then attempts to sweep the Debtor into the claim without pleading a specific fraudulent statement or omission made by her that induced the alleged transfers. That is insufficient as a matter of law.

**B. Fraudulent Intent at Inception is Not Plausibly Alleged**

9.  To state a claim under § 523(a)(2)(A), the plaintiff must plausibly allege that the debtor possessed fraudulent intent at the time the obligation was incurred. The Complaint does not allege facts showing that the Debtor intended not to perform when the agreement was transmitted or when funds were initially paid. Instead, it relies on later nonperformance, delays, and disputes over documentation.

10. A failure to perform or a business dispute arising after the fact does not establish fraud. Without factual allegations supporting intent to deceive at inception, the pleading amounts to an impermissible attempt to convert an alleged breach of contract into a nondischargeability claim.

---

[2] *Alameda Cnty. Employees' Ret. Assn. v. BP p.l.c. (In re BP p.l.c.)*, 2013 U.S. Dist. LEXIS 171459, at *48-49 (S.D. Tex. Dec. 2, 2013) (must specify each statement, identify the speaker, the when and where, and plead with particularity the contents of the false representations or why the statement is fraudulent); *Shellpoint Mortg. Servicing, LLC v. Barnett (In re Barnett)*, 2020 Bankr. LEXIS 2270, at *1 (Bankr. S.D. Tex. Aug. 25, 2020) (must specify who, what, when, where, and how for each factual allegation with detail).

### C. Reliance and Causation are Not Adequately Pleaded as to This Debtor

11. The Complaint asserts that the Plaintiff relied on the "appearance of a legitimate partnership," but it does not allege that the Plaintiff relied on any specific false representation made by the Debtor herself. Reliance must be tied to an identifiable misrepresentation attributable to the debtor whose discharge is at issue. Administrative communications, forwarding documents, or participation in correspondence—without more—do not plausibly plead inducement or justifiable reliance.

### D. The Imputed Fraud Theory is Conclusory and Legally Insufficient

12. While *Bartenwerfer v. Buckley*, 598 U.S. 69, 143 S. Ct. 665 (2023), confirms that § 523(a)(2)(A) may render a debt nondischargeable even where the debtor did not personally commit the fraud, that rule presupposes the existence of a legally cognizable partnership or agency relationship and fraud committed within the scope of that relationship. *Id.* at 672–73. Absent well-pleaded facts establishing such a relationship under applicable state law, imputation is unavailable.

13. The Complaint presupposes the existence of a valid partnership or agency relationship and fraud committed within the scope of that relationship. It pleads the existence of a "general partnership" in conclusory fashion, without factual allegations sufficient under Texas law to establish profit sharing, co-ownership, or mutual control.[3]

14. Absent a plausibly pleaded partnership or agency relationship, the imputation theory fails, and the § 523(a)(2)(A) claim collapses and is not well pleaded.

---

[3] *See Auction Credit Enters., LLC v. Desouza (In re Desouza)*, 659 B.R. 288, 300 (Bankr. E.D. Tex. 2024) (debtor must be liable for that debt under state partnership law).

### III. The Complaint Fails to State a Claim under 523(a)(6)

15. The Complaint's § 523(a)(6) count is independently defective. Section 523(a)(6) requires a willful and malicious injury, meaning a deliberate intent to cause injury, not merely a deliberate act that results in injury.

16. The Complaint does not plead facts showing that the Debtor intended to injure the Plaintiff or his property. Instead, it recites conclusory assertions of "conversion" and "dominion and control" without alleging that the Debtor personally received funds, controlled accounts, or made decisions to misuse property. Such bare recitations of statutory elements do not satisfy Rule 8, much less the stringent intent requirement of § 523(a)(6).

17. Moreover, the § 523(a)(6) count simply repackages the same conduct alleged under § 523(a)(2)(A). Courts routinely reject attempts to use § 523(a)(6) as a fallback for inadequately pleaded fraud claims. Without independent factual allegations demonstrating a subjective intent to injure, Count II fails as a matter of law.

### CONCLUSION

18. This adversary proceeding fails at multiple levels. The Complaint was filed after the Rule 4007(c) deadline, and the motion seeking to extend that deadline was itself untimely, depriving the Court of authority to permit the action to proceed. Even if the Court were to reach the merits, the Complaint fails to state a claim under § 523(a)(2)(A) or § 523(a)(6). The pleading relies on conclusory allegations, improper imputation theories, and post-hoc characterizations of nonperformance that do not meet federal pleading standards.

19. Defendant preserves all defenses and objections available under the Federal Rules of Bankruptcy Procedure and applicable law, including any challenge to the timeliness and adjudicatory authority of this Court over the claims asserted.

**FOR THESE REASONS** the Court should grant the motion and dismiss the Complaint in its entirety, with prejudice or, in the alternative, order the Plaintiff to replead its Complaint under Rule 12(e); and award the Defendant all other relief the Court deems appropriate.

Respectfully submitted:

By: __/s/ Clayton L. Everett____
    Clayton L. Everett
State Bar No. 24065212
clayton@norredlaw.com
NORRED LAW, PLLC
515 E. Border St.
Arlington, Texas 76010
Telephone: (817) 704-3984
Counsel for Defendant

## CERTIFICATE OF SERVICE

I certify that I have this January 2, 2026, served a true and correct copy of the above document via the Court's ECF system upon all parties receiving notice through ECF, including the party below:

*Plaintiff's Counsel via ECF/CM:*
Cassie Meyer
The Allen Firm, PC
181 S. Graham Street
Stephenville, TX 76401

                */s/ Clayton L. Everett*