B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Richard Kevin Brown | **DEFENDANTS**<br>Amanda Mae Melton |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Cassie M. Meyer<br>The Allen Firm, PC<br>181 S. Graham Street<br>Stephenville, Texas 76401 | **ATTORNEYS** (If Known)<br>Clayton Everett<br>Norred Law, PLLC<br>515 E Border St.<br>Arlington, TX 76010 |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

"Complaint to determine non-dischargeability of debt pursuant to 11 U.S.C. § 523(a)(2)(A) (actual fraud/false pretenses) and 11 U.S.C. § 523(a)(6) (willful and malicious injury); and Objection to Discharge pursuant to 11 U.S.C. § 727(a)(2) (concealment of assets), 11 U.S.C. § 727(a)(3) (failure to keep records), and 11 U.S.C. § 727(a)(4) (false oaths/accounts). Plaintiff also asserts related state law claims for Common Law Fraud, Conversion, and violations of the Texas DTPA.

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(f) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 1,011,437.00 |

**Other Relief Sought**
For the costs and fees of this adversary proceeding, including reasonable attorneys' fees, to the extent such fees are recoverable under the State Court Judgment or the Bankruptcy Code.

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Amanda Mae Melton | BANKRUPTCY CASE NO.<br>25-43217 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Texas | DIVISION OFFICE<br>Fort Worth Division | NAME OF JUDGE<br>Edward. L. Morris |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF<br>Richard Kevin Brown | DEFENDANT<br>Amanda Mae Melton | ADVERSARY PROCEEDING NO.<br>25-04149 |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>NDTX | DIVISION OFFICE<br>Fort Worth | NAME OF JUDGE<br>Edward. L. Morris |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>January 23, 2026 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Cassie M. Meyer | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **In re:** § | | |
| § | | |
| **AMANDA MAE MELTON** § | CASE NO. 25-43217-elm7 | |
| § | | |
| *Debtor*, § | CHAPTER 7 | |
| § | | |
| **RICHARD KEVIN BROWN** § | ADVERSARY PROCEEDING | |
| *Plaintiff*, § | NO. 25-04149-elm7 | |
| § | | |
| **v.** § | | |
| § | | |
| **AMANDA MAE MELTON** § | | |
| *Defendant.* § | | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

NOW COMES RICHARD KEVIN BROWN, Plaintiff in the above-captioned adversary proceeding, and files this Response to Defendant Amanda Mae Melton's ("Debtor" or "Defendant") Motion to Dismiss [Doc. 8] (the "Motion") and would respectfully show the Court as follows:

### I.   SUMMARY OF ARGUMENT

1.   Defendant's Motion rests on an overly rigid application of Rule 4007(c) that ignores the undisputed fact that the Court's electronic filing system was functionally inaccessible to Plaintiff's counsel on the final day for filing. Plaintiff is not seeking an extension under Rule 9006(b)—which Plaintiff acknowledges is unavailable in this context—but instead relies on the computation-of-time rule set forth in Federal Rule of Bankruptcy Procedure 9006(a)(3).

2.   On the evening of November 24, 2025, Plaintiff's counsel was admitted to this Court, properly linked through PACER, and had a completed complaint ready for filing. However,

due to a district-specific requirement that counsel's account be manually activated by the Clerk—a step that can only occur during business hours—the CM/ECF portal was inaccessible to counsel after the Clerk's Office closed. When counsel invoked the Court's Emergency Filing Procedures before midnight, the Court's own emergency representative attempted to file the Complaint and was unable to do so due to an unexplained system error. Under these circumstances, the "clerk's office" was inaccessible within the meaning of Rule 9006(a)(3), and the filing deadline automatically extended to the next business day.

3. In furtherance of these emergency efforts, after learning the Court's Emergency Filing representative was also unable to file the documents, Plaintiff's counsel contacted the Court's ECF Help Desk shortly after midnight and transmitted the completed pleading to memorialize the failed filing attempts. That contemporaneous communication described the immediate technical obstacle encountered during the emergency filing process—namely, the system error returned when the Court's representative attempted to file the document. While the email focused on the final technical failure observed at that moment, the antecedent and dispositive barrier to filing prior to the deadline was the lack of required manual activation of counsel's CM/ECF account by the Clerk's Office, a district-specific requirement that could not be satisfied after business hours.

4. Because the Clerk's Office was inaccessible within the meaning of Rule 9006(a)(3), the filing deadline automatically extended to the next business day. Plaintiff filed the Complaint within minutes of the portal becoming accessible on November 25, 2025. The Complaint is therefore timely as a matter of law.

5. Regarding the merits of the Complaint, as argued in the Motion, Plaintiff's First Amended Complaint cures any pleading defects asserted. Plaintiff's Amended Complaint also includes § 727 claims that relate back under Rule 7015 because they arise from the same conduct

and concealed assets pleaded from the outset. For these reasons, and the further explanations below, the Motion should be denied.

## II.  THE COMPLAINT IS TIMELY FILED UNDER RULE 9006(a)(3)

### A. Rule 9006(a)(3) Governs When the Clerk's Office Is Inaccessible.

6.  Federal Rule of Bankruptcy Procedure 9006(a)(3) provides that "[u]nless the court orders otherwise, if the clerk's office is inaccessible on the last day for filing … then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday." The rule focuses on accessibility—not fault—and applies when the Court's filing infrastructure is unavailable to the filer.

7.  In the modern bankruptcy context, the "clerk's office" includes the Court's CM/ECF electronic filing system. When that system is unavailable to a filer due to court-created administrative or technical barriers, the clerk's office is functionally inaccessible for purposes of Rule 9006(a)(3)

### B. The CM/ECF Portal Was Functionally Inaccessible on November 24, 2025.

8.  Plaintiff's counsel attempted to file the Complaint on the evening of November 24, 2025, the Rule 4007(c) deadline. Although counsel had been admitted to the Northern District of Texas on October 28, 2025, and had completed national PACER linking process on November 10, 2025, counsel was unable to file because the Northern District of Texas Bankruptcy Court requires a separate, manual activation of CM/ECF filing privileges by the Clerk's Office. This requirement is a district-specific, non-automated requirement that can only be completed during business hours.

9. As a result, once the Clerk's Office closed at 4:30 p.m., the electronic filing portal was functionally inaccessible to counsel. A filing system that requires human intervention to "unlock" access is no different than a physically locked courthouse door when that intervention is unavailable.

10. The Fifth Circuit has long held that the Clerk's Office is "inaccessible" for purposes of time computation when "weather or other conditions have made the office of the clerk... inaccessible." *U.S. Leather, Inc. v. H & W P'ship*, 60 F.3d 222, 226 (5th Cir. 1995). The 2009 Amendment to Rule 9006(a)(3) codified and expanded this principle. As the Committee specifically noted, the reference to "weather" was deleted "to underscore that inaccessibility can occur for reasons unrelated to weather, such as an outage of the electronic filing system."

11. Here, the NDTX manual activation requirement—a non-automated barrier—rendered the electronic portal inaccessible the moment the Clerk's Office closed. Just as a physical door locked early by a clerk renders a courthouse inaccessible, a digital portal behind an administrative switch that can only be flipped during business hours is "inaccessible" as a matter of law. Because human intervention was required to "unlock" the portal and was unavailable after 4:30 p.m., the Clerk's Office was "otherwise unavailable" for the final seven and a half hours of the filing deadline.

### C. The Court's Emergency Filing Procedures Also Failed

12. Recognizing the access problem, Plaintiff's counsel diligently invoked the Court's Emergency Filing Procedures. At approximately 11:30 p.m., counsel contacted the Court's emergency filing number and spoke with a Court representative. Counsel transmitted the completed Complaint to the representative at approximately 11:50 p.m. so that it could be filed on Plaintiff's behalf.

13. Despite these efforts, the Court's representative was unable to file the Complaint. The CM/ECF system returned an error code that the representative had not previously encountered, preventing the filing from being completed before midnight. Thus, even the Court's own emergency filing mechanism—the intended safeguard when ordinary filing is unavailable—proved incapable of accepting the document.

14. At approximately 12:21 a.m. on November 25, 2025, Plaintiff's counsel also emailed the Court's ECF Help Desk to create a contemporaneous record of the failed filing attempt and to transmit the completed pleading. In that email, counsel described the most immediate technical impediment encountered during the emergency filing effort—namely, the error code returned by the CM/ECF system when the Court's emergency representative attempted to file the document. While that contemporaneous description focused on the final system failure observed during the emergency process, the underlying and antecedent reason counsel could not file independently prior to the deadline was the lack of required manual CM/ECF account activation by the Clerk's Office.

15. Under the Northern District of Texas Bankruptcy Court's Administrative Procedures, "[a] Technical Failure of the Court's System which renders it inaccessible shall be deemed a day on which the clerk's office is inaccessible," and the filing deadline is extended to the next business day after access is restored. The emergency filing attempt and contemporaneous help-desk notification further demonstrate that the Court's filing system was functionally inaccessible on the deadline date.

### D. Paintiff Filed at the Earliest Possible Opportunity.

16. On the morning of November 25, 2025, Plaintiff's counsel contacted the Clerk's Office immediately to resolve the filing barrier. At 9:25 a.m., Counsel submitted the formal

request for the district-specific activation of filing privileges. The Clerk confirmed that Counsel's account required manual intervention and remained inaccessible until that step was performed. The Clerk completed the manual activation at 10:04 a.m.

17. Once the "Authorizing Court" finally granted access to the portal, Counsel proceeded to file the Complaint at 10:49 a.m. This filing was completed immediately upon the CM/ECF system becoming accessible to Counsel. Under Rule 9006(a)(3), because the portal was inaccessible for the duration of the deadline day and Counsel filed at the first available opportunity the following morning, the Complaint is timely as a matter of law.

### III. THE FIRST AMENDED COMPLAINT RELATES BACK UNDER FEDERAL BANKRUPTCY RULE 7015

18. The First Amended Complaint relates back to the original Complaint under Federal Rule of Civil Procedure 15(c)(1)(B) (made applicable by Fed. R. Bankr. P. 7015) because the claims asserted arise out of the same conduct, transactions, and occurrences. The "critical issue" for relation back in the Fifth Circuit is whether the original complaint provided the defendant with fair notice of the general fact situation out of which the amended claims arise. *Sanders-Burns v. City of Plano*, 594 F.3d 366, 380 (5th Cir. 2010).

#### A. The Claims Under 11 U.S.C. § 727 Arise from the Same Nucleus of Operative Facts.

19. The § 727 claims asserted in the First Amended Complaint arise from the same alleged pattern of conduct pleaded in the original Complaint, specifically the Defendant's concealment and misrepresentation of financial affairs in connection with the debt owed to Plaintiff.

20. The Fifth Circuit has held that Rule 15(c) is meant to allow an amendment when

the right to relief is the same, even though the legal theory is different. *F.D.I.C. v. Conner*, 20 F.3d 1376, 1385-1386 (5th Cir. 1994). Because the amended § 727 claims do not introduce new, unrelated transactions, but instead conform the legal theories to the applicable statutory framework based on the same operative facts, they relate back to the original filing.

### B. The Claims Under 11 U.S.C. § 523 Properly Clarify and Particularize the Existing Dispute

21. The First Amended Complaint also cures any pleading deficiencies previously asserted regarding Plaintiff's claims under 11 U.S.C. § 523(a). These amendments do not expand the scope of the controversy; they merely "flesh out" the details of the misconduct already placed at issue.

22. Because the Defendant had notice from the outset of the nature of the debt and the specific conduct at issue, there is no prejudice in permitting the amendment. As the Fifth Circuit has noted, " if a plaintiff seeks to correct a technical difficulty, state a new legal theory of relief, or amplify the facts alleged in the prior complaint, then relation back is allowed." *Conner*, 20 F.3d at 1386.

### IV. CONCLUSION

23. Plaintiff did everything the rules require: counsel was admitted, linked through PACER, prepared the Complaint, attempted to file before the deadline, invoked the Court's emergency procedures, contacted the ECF Help Desk, and filed immediately once access was restored. The brief delay was caused solely by administrative and technical barriers within the Court's filing system.

24. Under Federal Rule of Bankruptcy Procedure 9006(a)(3), the Complaint was timely filed. The amended claims relate back under Rule 7015. Accordingly, the Court should

deny Defendant's Motion to Dismiss in its entirety.

        Respectfully submitted,

        THE ALLEN FIRM, P.C.

By: /s/ *Cassie M Meyer*

    Cassie M Meyer, Esq.
    Texas Bar No. 24140549
    Email: cassie@allenlawfirm.com
    181 S. Graham Street
    Stephenville, Texas 76401
    Tel: (254) 965-3185
    Fax: (254) 965-6539
       ATTORNEYS FOR RICHARD KEVIN BROWN,
       CREDITOR

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of January 2026, a true and correct copy of the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS was served electronically via the Court's CM/ECF system upon all parties registered to receive electronic notice in this case, including:

Clayton L. Everett
Norred Law, PLLC
clayton@norredlaw.com
*Counsel for Defendant/Debtor*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re:<br><br>**AMANDA MAE MELTON**<br><br>*Debtor,* | § § § § § § § | CASE NO. 25-43217-elm7<br><br>CHAPTER 7 |
| **RICHARD KEVIN BROWN**<br>*Plaintiff,*<br><br>v.<br><br>**AMANDA MAE MELTON**<br>*Defendant.* | § § § § § § § § § | ADVERSARY PROCEEDING<br>NO. 25-04149-elm7 |

## DECLARATION OF CASSIE M. MEYER IN SUPPORT OF PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

I, Cassie M. Meyer declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am an attorney licensed to practice law in the States of Texas and Montana. I am admitted to practice before the United States Bankruptcy Court's for the Northern and Eastern Districts of Texas. I represent the Plaintiff in the above-captioned adversary proceeding.

2. On October 28, 2025, I was formally admitted to the Northern District of Texas. Following my admission, I completed the necessary steps via PACER to link my CM/ECF account to the Northern District of Texas Bankruptcy Court on November 10, 2025.

3. On the evening of November 24, 2025, 2025 (the deadline for filing an objection to dischargeability), I attempted to electronically file the Complaint. I did not know it at the time, but because my account had not yet been manually "activated" for filing privileges by the Clerk—a district-specific requirement that is only processed during business hours. Because this manual activation remained pending, the filing portal was functionally inaccessible to me after the Clerk's Office closed.

4. I spent approximately one hour attempting to troubleshoot the filing on my own,

believing the issue might be related to my local settings or the specific filing categories in this District.

5. At approximately 11:30 p.m., I contacted the Court's Emergency Filing Line and spoke with Marcey Okafor to seek assistance in effectuating the filing despite the account lock. I emailed the Complaint to Ms. Okafor at approximately 11:50 p.m.

6. Ms. Okafor informed me that she attempted to file the document on my behalf but was blocked by an unknown system error code related to the PDF format. Consequently, the filing was not recorded before the midnight deadline.

7. At 12:21 a.m. on November 25, 2025, I sent an email to the ecfhelp@txnb.uscourts.gov help desk to create a contemporaneous record of the filing attempt. In that email, I identified the "error with the PDF" as the cause of the failure.

8. At that time, I was reporting the most immediate technical hurdle that had just prevented the Emergency Clerk from completing the filing. While the PDF error was the final technical failure, the underlying cause that prevented me from filing the Complaint myself before the deadline was the lack of manual account activation by the Clerk's Office.

9. The following morning, November 25, 2025, my office contacted the Clerk's Office. The Clerk confirmed that my account required manual activation. The request for activation was submitted at 9:25 a.m., which was subsequently processed by the Clerk at 10:04 a.m..

10. I successfully filed the Complaint at 10:49 a.m., after the portal finally became accessible to me.

11. The timing of the filing was also impacted by the late conclusion of the Meeting of Creditors held on Friday, November 21, 2025, where the Debtor failed to provide required bank records, necessitating a final review of the factual allegations for the Complaint over the weekend of November 22–23.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: January 23, 2026

Outlook

## NextGen CM/ECF Registration Status

**From** do_not_reply@psc.uscourts.gov <do_not_reply@psc.uscourts.gov>
**Date** Mon 11/10/2025 11:27 AM
**To** Cassie Meyer <Cassie@allenlawfirm.com>

This email is notification that your NextGen CM/ECF electronic filing registration has been processed.  You may check your E-Filing Status by visiting the "Manage My Account" section of the PACER web site and selecting "Check E-File Status" option from the "Maintenance" tab or use this link, https://nam10.safelinks.protection.outlook.com/?url=https%3A%2F%2Fpacer.psc.uscourts.gov%2Fpscof%2Fmanage%2FefileStatus.jsf&data=05%7C02%7Ccassie%40allenlawfirm.com%7C2f4c56e0d02b4771159308de207e7bb4%7Cad21055a74a049049fc8cc31c5e12b48%7C0%7C0%7C638983924771666147%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=tVEvFojd0o4V%2BsPU5RvtMbvQKd90PYLHTdcH4z47Mhc%3D&reserved=0.

  Account Number: 8650146
  Court: TEXAS NORTHERN DISTRICT COURT
  Date/Time Submitted: 11/10/2025 10:56:42 CST
  Transaction ID: 56535
  Request: Registration
  Transaction Status: Processed

NOTE: Please do not reply to this message.  This is an automated message sent from an unmonitored mailbox.  If you have questions or comments, please email them to assist_team@txnd.uscourts.gov.

 Outlook

## Petition Adversary Proceeding Case No. 25-43217

**From** Cassie Meyer <Cassie@allenlawfirm.com>
**Date** Mon 11/24/2025 11:50 PM
**To** Marcey_okafor@txnb.uscourts.gov <Marcey_okafor@txnb.uscourts.gov>

2 attachments (2 MB)
Exhibits .pdf; Adversary Proceeding Petition - Amanda Melton Brown .pdf;

**Cassie Meyer** | Of Counsel

*There are many unknowns in legal situations.  The Allen Firm provides legal guidance so you can make a great decision, come to a resolution, and be at peace.*



The Allen Firm, PC | allenlawfirm.com | cassie@allenlawfirm.com

Stephenville (Principal Office):
181 S. Graham St. | Stephenville, TX 76401 | P: 254.965.3185

The Allen Firm at Aledo:
401 FM 1187 N., Suite 100 | Aledo, TX 76008 | P: 817.207.5642

The Allen Firm at Granbury:
1315 Water's Edge Drive, Suite 108 | Granbury, TX 76048 | P: 817.207.5642

This email is privileged, confidential and subject to Legal Disclaimers.

Outlook

## Emergency Filing Case No 25-43217-elm7

**From** Cassie Meyer <Cassie@allenlawfirm.com>
**Date** Tue 11/25/2025 12:24 AM
**To** ecfhelp@txnb.uscourts.gov <ecfhelp@txnb.uscourts.gov>
**Bcc** Shawnee Markland <shawnee@allenlawfirm.com>

📎 2 attachments (2 MB)
Adversary Proceeding Petition – Amanda Melton Brown .pdf; Exhibits .pdf;

I am writing to submit a time-sensitive, emergency filing via email due to technical issues with the Court's CM/ECF electronic filing system preventing electronic submission prior to the deadline.

November 24, 2025 is the 60-day Bar Date for filing Complaints Objecting to Dischargeability under 11 U.S.C. § 523(a)(2) pursuant to Bankruptcy Rule 4007(c).  We request that the Complaint be accepted and logged immediately to preserve our client's rights.

I was unable to file my complaint due to an error with the PDF that I have not experienced and I was unable to resolve.  I contacted the emergency filing line and Marcey Okafor tried to help me, but she also was unable to file the document due to the error with the PDF.

The attached document is the Plaintiff's First Amended Complaint to Determine Dischargeability of Debt in the matter of:
- Debtor: Amanda Melton
- Case Number: 25-43217-elm7
- Plaintiff: Richard Kevin Brown
- Action Sought: Determination that debt of $1,011,437.00 is NONDISCHARGEABLE under § 523(a)(2) and § 523(a)(6).

I will be in touch with the court immediately upon opening tomorrow.  I respectfully requests this Court to accept the filing due to excusable neglect of issues with the electronic filing system.

Thank you for your time and consideration.

**Cassie Meyer** | Of Counsel

*There are many unknowns in legal situations.  The Allen Firm provides legal guidance so you can make a great decision, come to a resolution, and be at peace.*



The Allen Firm, PC I allenlawfirm.com I cassie@allenlawfirm.com

Stephenville (Principal Office):
181 S. Graham St. I Stephenville, TX 76401 I P: 254.965.3185

The Allen Firm at Aledo:
401 FM 1187 N., Suite 100 I Aledo, TX 76008 I P: 817.207.5642

The Allen Firm at Granbury:
1315 Water's Edge Drive, Suite 108 I Granbury, TX 76048 I P: 817.207.5642

This email is privileged, confidential and subject to Legal Disclaimers.

 Outlook

**NextGen CM/ECF Registration Status**

From  do_not_reply@psc.uscourts.gov <do_not_reply@psc.uscourts.gov>
Date  Tue 11/25/2025 10:04 AM
To    Cassie Meyer <Cassie@allenlawfirm.com>

This email is notification that your NextGen CM/ECF electronic filing registration has been processed.  You may check your E-Filing Status by visiting the "Manage My Account" section of the PACER web site and selecting "Check E-File Status" option from the "Maintenance" tab or use this link, https://nam10.safelinks.protection.outlook.com/?url=https%3A%2F%2Fpacer.psc.uscourts.gov%2Fpscof%2Fmanage%2FefileStatus.jsf&data=05%7C02%7Ccassie%40allenlawfirm.com%7C16fc53e4d1ed475dd6a108de2c3c4866%7Cad21055a74a049049fc8cc31c5e12b48%7C0%7C0%7C638996834582249485%7CUnknown%7CTWFpbGZsb3d8eyJFbXB0eU1hcGkiOnRydWUsIlYiOiIwLjAuMDAwMCIsIlAiOiJXaW4zMiIsIkFOIjoiTWFpbCIsIldUIjoyfQ%3D%3D%7C0%7C%7C%7C&sdata=1%2BilakJ21TPyrs%2FccqzcFTCBXmpVF329FzXIrxFVw70%3D&reserved=0.

Account Number: 8650146
Court: TEXAS NORTHERN BANKRUPTCY COURT
Date/Time Submitted: 11/25/2025 09:25:00 CST
Transaction ID: 24209
Request: Registration
Transaction Status: Processed

NOTE: Please do not reply to this message.  This is an automated message sent from an unmonitored mailbox.  If you have questions or comments, please email them to ecfhelp@txnb.uscourts.gov.