# United States Bankruptcy Court
### Northern District of Texas
### Fort Worth Division

| | |
|---|---|
| In re:<br>Amanda Mae Melton,<br><br>      Debtor.<br><br>Richard Kevin Brown,<br>      Plaintiff,<br><br> vs.<br><br>Amanda Mae Melton,<br>      Defendant. | Bankr. Case No. 25-43217-elm7<br><br>Chapter 7<br><br><br><br><br>Adversary No. 25-04149-elm |

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Defendant Amanda Mae Melton ("Debtor" or "Defendant") files this Response in Opposition to Plaintiff's Motion for Leave to File First Amended Complaint (the "Motion") and respectfully shows the Court as follows:

### I.    Introduction & Summary

1. Plaintiff seeks leave to file a sweeping First Amended Complaint that does far more than provide a "more definite statement." Instead, the proposed amendment dramatically expands the scope of this adversary proceeding by adding entirely new causes of action, including multiple objections to discharge under 11 U.S.C. § 727 and a host of state-law claims, all while the threshold issue of whether this adversary proceeding was timely and properly commenced remains unresolved.

2. Originally, the Complaint sought relief under only two counts: § 523(a)(2)(A) actual fraud and § 523(a)(6) willful and malicious injury. The proposed amended complaint seeks to add three (3) additional *denial of discharge* counts under §§ 727(a)(2), (a)(3), (a)(4) (counts 3 through 5),

and five (5) additional *state law causes of action* under Texas DTPA, Common Law Fraud, Conversion, Breach of Contract, and Civil Conspiracy (counts 6 through 10).

3. The proposed amendments also include relief sought for treble damages under the DTPA claim, and exemplary damages for the fraud claim.

4. The procedural timeline demonstrates undue delay and strategic pleading:

    a. November 25, 2025 — Plaintiff filed his original Complaint, one day after the deadline imposed by Bankruptcy Rule 4007(c).

    b. January 1, 2026 — Defendant filed her Motion to Dismiss and alternative Motion for a More Definite Statement under Rule 12(e).

    c. January 26, 2026 — Plaintiff, 63 days after the deadline under 4007(c), sought for the first time leave to file a First Amended Complaint asserting entirely new causes of action, including objections to discharge under § 727 and multiple state-law claims.

5. This sequence matters. Plaintiff did not promptly seek to clarify his pleading; instead, he waited until after Defendant moved to dismiss and only then attempted to expand the litigation far beyond the scope of the original complaint.

6. Leave to amend is not automatic. Where, as here, the proposed amendment would be futile, unduly prejudicial, and reflects undue delay and bad faith pleading strategy, Rule 15(a)(2) requires denial of leave. Granting the Motion would improperly allow Plaintiff to bootstrap time-barred claims, evade the strict limitations of Bankruptcy Rules 4004 and 4007, and force Defendant to defend against an ever-shifting set of allegations before the Court has even determined whether this adversary proceeding may proceed at all.

7. Although Rule 15(a)(2) provides that leave to amend should be freely given "when justice so requires," courts routinely deny leave where there is a substantial reason to do so, including

futility of amendment, undue delay, bad faith, or undue prejudice to the opposing party. *In re Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996).

8. In bankruptcy adversary proceedings, these concerns are particularly acute where amendments implicate strict statutory deadlines governing discharge and dischargeability. *See Neeley v. Murchison*, 815 F.2d 345 (5th Cir. 1987).

## II. The newly added § 727 claims are independently time-barred.

9. Plaintiff's proposed First Amended Complaint adds multiple objections to discharge under § 727(a). These claims are governed by Bankruptcy Rule 4004(a), which imposes its own strict deadline. Plaintiff did not timely assert § 727 claims in the original Complaint.

10. The addition of § 727 causes of action after the expiration of the Rule 4004 deadline is not a mere clarification, it is the assertion of new, independent claims that are time-barred as a matter of law. Relation back under Rule 7015 cannot be used to circumvent the express deadlines of Rules 4004 and 4007, particularly where the original pleading did not put discharge itself at issue.

11. The Relation back doctrine is unavailable here where the original pleading would not have put the debtor on notice that her entire discharge—not merely the specific debt—was being challenged.

12. Accordingly, amendment to add § 727 claims are and should be time-barred.

## III. The proposed amendment is unduly prejudicial.

13. The proposed amendment would radically transform this adversary proceeding from a narrowly pleaded dischargeability dispute into a sprawling fraud-and-denial-of-discharge action involving:

- Alleged criminal conduct by a non-debtor spouse;
- Newly asserted partnership and agency theories;
- Extensive state-law tort and contract claims; and
- New claim of relief including permanent denial of discharge

14. This expansion would require entirely new discovery, additional witnesses, and significantly increased litigation costs—precisely the type of prejudice Rule 15 is designed to prevent.

15. Notably, Plaintiff waited until after Defendant filed a dispositive motion to dismiss to unveil these expanded theories. This is classic pleading by ambush, not a good-faith effort to clarify existing allegations.

16. The prejudice is not merely procedural, the added substantive claims work to deprive the Debtor of the repose that the Bankruptcy Rules guarantee well after the deadline for bringing such claims has lapsed.

17. Allowing amendment at this stage would reward Plaintiff's delay by forcing Defendant to defend against new, time-barred claims that could and should have been asserted—if at all—before the expiration of the Bankruptcy Rules' strict deadlines.

### IV. Plaintiff's "More Definite Statement" argument is a pretext.

18. Plaintiff argues that amendment is justified because Defendant requested a more definite statement under Rule 12(e). That argument is disingenuous.

19. A Rule 12(e) request does not open the door to: adding new statutory causes of action, asserting new time-barred claims; or recasting a deficient complaint into an entirely different lawsuit.

20. Defendant's Rule 12(e) request was filed on January 1, 2026. Plaintiff did not promptly replead to provide clarity. Instead, he waited until January 26, 2026 to seek leave to file an amended complaint that goes far beyond clarification and introduces entirely new claims.

## V. Judicial economy favors denying leave.

21. Plaintiff asserts that allowing amendment promotes judicial economy. The opposite is true here. Judicial economy is best served by first resolving the pending motion to dismissal and the Rule 4007(c) timeliness issue; and, only if the Court finds that the adversary proceeding was properly commenced, determining whether any limited amendment is appropriate.

22. Allowing a massive amended complaint now risks unnecessary motion practice, discovery disputes, and expense in a case that may be dismissed outright.

## CONCLUSION

23. Plaintiff has not met his burden under Rule 15(a)(2). The proposed First Amended Complaint is futile, unduly prejudicial, and represents an improper attempt to evade strict bankruptcy deadlines through over-pleading.

**FOR THESE REASONS**, Defendant respectfully requests that the Court DENY Plaintiff's Motion for Leave to File First Amended Complaint, and grant Defendant such other and further relief as the Court deems just and proper.

Respectfully submitted:

By: __/s/ Clayton L. Everett____
    Clayton L. Everett
State Bar No. 24065212
clayton@norredlaw.com
NORRED LAW, PLLC
515 E. Border St.
Arlington, Texas 76010
Telephone: (817) 704-3984
Counsel for Defendant

## **CERTIFICATE OF SERVICE**

      I certify that I have this February 9, 2026, served a true and correct copy of the above document via the Court's ECF system upon all parties receiving notice through ECF, including the party below:

*Plaintiff's Counsel via ECF/CM:*
Cassie Meyer
The Allen Firm, PC
181 S. Graham Street
Stephenville, TX 76401

                                            */s/ Clayton L. Everett*